UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY BAKER; TESSA TODD,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED NATURAL FOODS, INC.;<br>and DOES 1-50,<br><br>    Defendants. | No.  2:15-cv-00953-JAM-EFB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE** |

Defendant United Natural Foods, Inc. ("UNFI" or "Defendant") employed Plaintiff Tiffany Baker ("Baker" or "Plaintiff") for several years, then fired her when it allegedly could no longer accommodate her disability.  Defendant now moves to strike certain portions of Plaintiff's allegations.  The Court grants the motion only insofar as Plaintiff does not oppose it.[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for September 2, 2015.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff suffers from medical conditions including chronic back pain and degenerative disk disease. FAC ¶ 8. During Plaintiff's employment, Defendant accommodated her disability by allowing her to work from home for part of the week. FAC ¶¶ 6, 9.

After seven years of working with this arrangement, Defendant's human resources representatives began contacting Baker requesting doctor's notes. FAC ¶¶ 15-18. Shortly thereafter, they informed her that "they could no longer accommodate her doctor's orders." FAC ¶ 19. They then fired her. FAC ¶¶ 20-23.

Baker sued Defendant alleging disability discrimination, medical condition discrimination, failure to provide a reasonable accommodation (all under California's Fair Employment and Housing Act ("FEHA")), and wrongful termination. She joins Plaintiff Tessa Todd in alleging wage and hour violations, and violations of the Unfair Competition Law. Among their requests for relief in the First Amended Complaint ("FAC") (Doc. #9) Plaintiffs seek "…compensatory damages, emotional distress damages and punitive damages according to proof." (FAC, Prayer for relief, p.16) Defendant brings this motion to strike all references to the claim for punitive damages, as well as words and phrases that Defendant finds "redundant, immaterial or impertinent." (Doc. #16). Plaintiffs oppose the motion in part (Doc. #17).

2

## II.  OPINION

### A.  Legal Standard

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike are "disfavored"; they "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation."  Rees v. PNC Bank, N.A., 2015 WL 1548952, at *3 (N.D. Cal. Apr. 7, 2015) (citation and quotation marks omitted).  In ruling on a 12(f) motion, the Court must view the pleadings in the light most favorable to the nonmoving party.  Platte Anchor Bolt, Inc. v. IHI, Inc., 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).

### B.  Analysis

Plaintiffs do not oppose Defendant's motion as to certain allegations, and, given this concession, the Court strikes the specific references to harassment, and "safety violations," identified in Defendant's moving papers as well as the punitive damages claims for all causes of action except the FEHA claims.  Plaintiffs oppose the remainder of the motion.

Defendant argues that the FEHA punitive damages claims are inadequate because Plaintiffs do not plead that an "officer, director, or managing agent" had "advance knowledge and conscious disregard [of], authoriz[ed], [or] ratifi[ed] [an] act of oppression, fraud or malice[.]"  Mot. at 2:18-20.  Plaintiffs contend that the FAC pleads that Jason Cloutier engaged in such behavior, and that he should be considered a managing agent.  Opp. at 4.

3

1     A plaintiff may plead a defendant's state of mind warranting
2 punitive damages generally.  Rees, 2015 WL 1548952, at *6; Somera
3 v. Indymac Fed. Bank, FSB, 2010 WL 761221, at *10 (E.D. Cal. Mar.
4 3, 2010) ("Under federal pleading standards, defendant's argument
5 that plaintiff must plead specific facts to support allegations
6 for punitive damages is without merit.").  But where a corporate
7 defendant is involved, punitive damages are only available if the
8 claims involve the actions of "an officer, director, or managing
9 agent of the corporation."  Cal. Civ. Code § 3294(b).  The key
10 inquiry is whether the individual "guide[d] corporate policy."
11 Cruz v. HomeBase, 83 Cal.App.4th 160, 167-68 (2000) (citing White
12 v. Ultramar, Inc., 21 Cal.4th 563 (1999)); see Taylor v. Trees,
13 Inc., 58 F. Supp. 3d 1092, 1106 (E.D. Cal. 2014) ("A plaintiff
14 must demonstrate that an alleged managing agent exercises
15 substantial discretionary authority over significant aspects of a
16 corporation's business.") (citation and quotation marks omitted).

17     The FAC here alleges, "Baker is informed and believes, and
18 thereon alleges, that his [sic] termination by defendants, and
19 each of them, was done with an intent to cause injury to BAKER.
20 As a consequence of aforesaid oppressive, malicious, and
21 despicable conduct, BAKER is entitled to an award of punitive
22 damages . . . ."  FAC ¶ 56.  Although general, this statement
23 sufficiently pleads oppression and malice.  Somera, 2010 WL
24 761221, at *10 ("[A] plaintiff may include a 'short and plain'
25 prayer for punitive damages that relies entirely on unsupported
26 and conclusory averments of malice or fraudulent intent.")
27 (citation and quotation marks omitted).

28     The FAC also adequately pleads the involvement of a managing

4

agent.  First, Cloutier, as a "member of [Defendant's] National HR office," FAC ¶ 15, plausibly had substantial authority over "significant aspects of [Defendant's] business" – namely, its human resources department.  And even if Cloutier was not a managing agent, Plaintiffs have also alleged that Baker was instructed to "provide a doctor's note to UNFI within two weeks so that UNFI can determine if they could continue to accommodate her[.]"  FAC ¶ 15.  This statement indicates that Defendant (through some agent) knew of Baker's employment arrangement and sought the doctor's note.  See Robinson v. Managed Accounts Receivables Corp., 654 F. Supp. 2d 1051, 1055, 1066 n.13 (C.D. Cal. 2009) (inferring involvement of corporation's agents where defendant's employee allegedly represented that she was "authorized" to engage in the offending behavior).

Because Plaintiffs have pled malice and oppression, as well as the involvement of a managing agent, the punitive damages claims under FEHA remain pertinent to this case.  The Court therefore will not strike them.

## III. ORDER

For the reasons set forth above, the Court DENIES Defendant's motion to strike punitive damages from the FEHA claims (first through third causes of action).  The Court GRANTS Defendant's motion to strike as to the references to harassment, "safety violations," and punitive damages related to the other claims.  IT IS SO ORDERED.

Dated: September 22, 2015

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

5